settlement agreements. Had the Associate Chief simply attempted to delegate signing authority to Namias, without designating him to serve as Acting Associate Chief, that would indeed have been prohibited by Order 209, but such was not the case here. Properly understood, Order 209 simply means that an IRS official not exercising at least the functions of an Associate Chief of Appeals is without authority to enter into written settlement agreements. We decline to disturb the Court of Federal Claims' well-reasoned conclusion that because Order 209 and Order 12 are complementary, the closing agreement was properly executed and valid and binding in determining the Grossmans' tax liabilities.

Because we affirm the Court of Federal Claims' holding that the closing agreement was validly executed, we need not and do not address the remaining issues raised on appeal.

Hilary S. Cairnie, Principal Attorney, Arlington, VA, for Plaintiff–Appellant.

Andrew P. Averbach, Principal Attorney, Robert E. Kirschman, Jr., David M. Cohen, Opher Shweiki, of Counsel, Department of Justice, Warren Leishman, of Counsel, Washington, DC, for Defendant–Appellee.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

*Judgment*

PER CURIAM.

*This CAUSE having been heard and considered, it is ORDERED and ADJUDGED:*

AFFIRMED. *See* Fed. Cir. R. 36.

**INTERNATIONAL SCIENCE & TECHNOLOGY INSTITUTE, INC., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5155.

United States Court of Appeals, Federal Circuit.

April 13, 2004.

**Joseph L. SCULLY, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 02–7382.

United States Court of Appeals, Federal Circuit.

DECIDED: April 14, 2004.